UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LOUIS KING,<br><br>           Plaintiff,<br><br>      v.<br><br>K. CLARK, et al.,<br><br>           Defendants. | No. 1:23-cv-00805 GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 16). |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a motion for the appointment of counsel.  ECF No. 16.  For the reasons stated below, the motion will be denied.

I.    MOTION FOR THE APPOINTMENT OF COUNSEL

On March 4, 2025, Plaintiff's notice of current address was docketed as the Court had recently directed.  ECF No. 16.  In the notice, Plaintiff also requests to "renew his request for counsel" after his case has been screened.  Id. at 2.  Plaintiff, however, provides no factual support for this request.  See generally ECF No. 16.

II.   DISCUSSION

      A.  Applicable Law

1

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

B. Analysis

As noted earlier, Plaintiff has provided no facts in support of his request for the appointment of counsel. See generally ECF No. 16. Furthermore, to the extent that Plaintiff's "renewed" request for counsel to be appointed is Plaintiff simply asking the Court to revisit his previously filed motion for the appointment of counsel (see ECF No. 8) (first motion for the appointment of counsel), the reasons provided in that motion were determined not to constitute exceptional circumstances and therefore will not be addressed here.(see ECF No. 13) (order denying appointment of counsel).

Consequently, having considered the factors under Palmer, the Court finds that at this time Plaintiff has again failed to meet his burden of demonstrating exceptional circumstances that would warrant the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 16) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **April 9, 2025**                       **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

3